NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————————

**IN RE REDLINE DETECTION, LLC,**
*Petitioner.*

———————————————

2014-102

———————————————

On Petition for Writ of Mandamus to the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. IPR2013-00106.

———————————————

**ON PETITION**

———————————————

Before RADER, *Chief Judge*, LOURIE and TARANTO, *Circuit Judges.*

RADER, *Chief Judge.*

## O R D E R

The Patent Trial and Appeal Board rejected Redline Detection, LLC's attempts to accept into the record certain documents not part of its initial submission. Redline now asks this court to issue a writ of mandamus to compel the Board to accept those documents. We deny the petition.

This petition arises out of Redline's ongoing efforts to challenge the validity of U.S. Patent No. 6,526,808, which is owned by STAR EnviroTech, Inc.

In January 2013, Redline petitioned for *inter partes* review ("IPR") of claims 9 and 10 of that patent, alleging those claims were invalid under 35 U.S.C. § 103. When it did so, Redline apparently neglected to include expert declarations in support of its arguments.

On the eve of the parties' initial conference call with the Board, Redline moved to submit two prior art patents and two declarations providing testimony and support for combining the references of record. Redline claimed that the motion was proper under 37 C.F.R. § 42.123(a), entitled "[m]otion to submit supplemental information," because the request was timely and the information was relevant.

After the conference call, the Board denied the motion. The Board noted, among other things, that Redline could have included the information in its petition and that the information was not merely "supplemental," because it included arguments and responses to the Board's decision to institute the IPR.

Redline moved the Board to reconsider its holding. The Board affirmed its holding, additionally noting that Redline had failed to demonstrate that the two prior art references were relevant to the claims at issue in the present case. This petition followed.

Redline seeks a writ of mandamus to compel the Board to accept its submissions. But, mandamus is rarely a proper means by which an appellate court should take up such evidentiary matters. *See In re MSTG, Inc.*, 675 F.3d 1337, 1341 (Fed. Cir. 2012). An evidentiary ruling by the Board can be reviewed after the Board's final decision, *see, e.g., Chen v. Bouchard*, 347 F.3d 1299, 1307-08 (Fed. Cir. 2003), and this court sees no reason to

3                                       IN RE REDLINE DETECTION, LLC

depart from that usual course here.  The petition is therefore denied without prejudice to Redline again raising its § 42.123 arguments on appeal after the Board's final decision in the IPR.

Accordingly,

IT IS ORDERED THAT:

The petition is denied.


FOR THE COURT


/s/  Daniel E. O'Toole
    Daniel E. O'Toole
    Clerk of Court

s26